## LA VERCOMBE *v.* LA VERCOMBE.

1. DIVORCE—DESERTION—EVIDENCE—SUFFICIENCY.

A decree of divorce in favor of a wife, on her cross-bill, on the ground of desertion, *held*, justified by the record, although the evidence was very conflicting and there might be some truth in the charges and counter charges.

2. SAME — ALIMONY — MONTHLY PAYMENTS INSTEAD OF FIXED AMOUNT NOT GROUND FOR COMPLAINT.

Where the court, in awarding monthly payments for alimony and the support of a minor son, took into consideration prevailing conditions and the state of plaintiff's business, reserving the right, under the statute, to change the payments as changed conditions might warrant, on the petition of either party, plaintiff had no ground for complaint because the total amount of the award was not fixed.

Appeal from Wayne; Webster (Arthur), J. Submitted October 19, 1922. (Docket No. 172.) Decided December 5, 1922.

On question of earning capacity or prospective earnings of husband as basis of alimony *pendente lite*, see note in 6 A. L. R. 192.

Bill by Harley H. LaVercombe against Ruby LaVercombe for a divorce on the ground of extreme cruelty. Defendant filed a cross-bill asking for a divorce on the ground of desertion. From a decree for defendant, plaintiff appeals. Affirmed.

*William J. Donovan* (*Dohany & Dohany*, of counsel), for plaintiff.

*Corliss, Leete & Moody* (*Frederic T. Harward*, of counsel), for defendant.

MCDONALD, J. Plaintiff filed his bill for divorce on April 23, 1920, charging extreme cruelty. Defendant answered May 11, 1920. During the process of the hearing she filed an amended answer and cross-bill in which she asked for a decree of divorce on account of desertion and cruelty. They were married on the 22d day of September, 1903. Two children, now living, were born of the marriage, Gertrude, 16 years of age, and Robert, 10 years of age. The parties separated September 20, 1918. On the hearing the circuit judge granted to defendant a decree for divorce on the ground of desertion. The decree also gave to her the custody of the minor child, Robert LaVercombe, and required the plaintiff to pay for their support the sum of $150 per month until the further order of the court. She was also awarded the household furniture and effects; was required, on the payment of $700, to surrender to plaintiff certain life insurance policies in which she was the beneficiary, and on which she had paid the premiums amounting to $700. The plaintiff was further required to pay the taxable costs and an attorney fee of $750. From this decree the plaintiff has appealed.

As far as is involved the merits of the respective claims of the parties for a dissolution of the marriage, the record presents a case which must be determined

entirely from the evidence. It is exclusively a question of fact. Any extensive discussion of the conflicting testimony would serve no useful purpose and will not be indulged in. The record is a large one and a careful reading has convinced me that as to many of the charges and counter charges, there is some truth on both sides. In my consideration, however, I have reached no different conclusion from that of the circuit judge, who had the advantage of seeing and listening to the witnesses, and who found that the defendant has established her right to a decree because of desertion.

As to the allowance for alimony, the principal ground of complaint is that the entire amount should have been fixed instead of requiring monthly payments for an indefinite period. We think the circuit judge made a fair and reasonable disposition of the whole matter in the following provision of the decree:

"The alimony provided herein is fixed and determined by this court having regard to present general business conditions and particularly the present conditions of cross-defendant's business, and his present resources in cash and property, the court reserving the right to revise and alter this decree respecting the amount of such alimony and the payment thereof upon the petition of either of the parties whenever changed conditions shall warrant, in accordance with the provisions of the statutes in such case made and provided."

The decree of the circuit judge is affirmed. She will have her costs and an attorney fee of $200 in this court.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.